IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDREW M. OBREGON,

Plaintiff,

v.

DANIEL LAVOIE, M.D.,

Defendant.

OPINION and ORDER

25-cv-474-jdp

Plaintiff Andrew M. Obregon, proceeding without counsel, alleges that the medical director of the Department of Corrections Bureau of Health Services, defendant Dr. Daniel Lavoie, denied him adequate pain medication for his low back problems. Obregon brings Eighth Amendment medical care and Wisconsin-law medical negligence claims. Obregon is incarcerated at Wisconsin Resource Center, but the events at issue occurred primarily at his former prison, Stanley Correctional Institution (SCI).

Obregon proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Obregon's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Obregon to amend the complaint to fix this problem.

ALLEGATIONS OF FACT

Obregon's low back problems include severe degenerative disc disease and disc extrusion at the L5/S1 level. Obregon's low back problems cause him serious pain, make it hard for him to do daily activities, and interfere with his sleep.

The Bureau of Health Services (BHS) requires Class III Committee approval before a prisoner may be prescribed Lyrica (pregabalin), a non-formulary medication. At some point, nurse practitioner Gruber recommended Lyrica for Obregon's low back pain, but the Class III Committee apparently denied the recommendation.

Gruber also emailed Lavoie about her recommendation for Lyrica, but Lavoie wanted to try Obregon on a different medication. Obregon had already tried that medication. Gruber saw Obregon multiple times and told him that Lavoie had denied all her requests.

In August 2024, Lavoie denied Obregon back surgery "regardless of the experts at Gunderson in La Crosse." Dkt. 1 at 5.  Obregon had to wait more than two years to see a "prison doctor." *Id.* at 7.


ANALYSIS

**A.  Eighth Amendment medical care claim**

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a medical care claim, Obregon must plausibly allege that he had an objectively serious medical condition that Lavoie consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Obregon's allegations of serious back pain related to severe degenerative disc disease

and disc extrusion plausibly suggest a serious medical need for adequate pain medication. The issue is whether Obregon has plausibly alleged that Lavoie consciously disregarded this need.

Conscious disregard requires that Lavoie is subjectively aware of that need. *See id.* That means that Lavoie knew of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The Eighth Amendment entitles prisoners to "adequate medical care," that is, "reasonable measures to meet a substantial risk of serious harm." *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). The Eighth Amendment doesn't require "specific care" or "the best care possible." *Id.*; *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Disagreement between Obregon and Lavoie, or among medical professionals, about the proper course of treatment isn't enough to show conscious disregard. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Ignoring a prisoner's request for medical assistance outright can be enough to show conscious disregard of medical needs. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (en banc). If a medical professional has provided some care for a prisoner's condition, he consciously disregards the serious medical need only if his care is so inadequate that it demonstrates an absence of professional judgment, that is, that no minimally competent professional would have responded in that way in the circumstances. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998). The key question is whether the medical professional based his treatment decision on his medical judgment. *See Dean v. Wexford Health Sources, Inc.*,

3

18 F.4th 214, 241 (7th Cir. 2021). Obregon must also allege that Lavoie's medical care, or lack of it, actually injured him. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

Obregon faults Lavoie for declining to prescribe him Lyrica in accordance with Gruber's recommendation. But Lavoie's disagreement with Gruber's recommendation does not suggest conscious disregard. Obregon alleges that Lavoie wanted to try him on a different medication that he had already tried. Even if Lavoie knew that Obregon had already tried the medication, Obregon hasn't alleged facts that plausibly suggest that Lavoie thought that the medication would be ineffective. *See Obregon v. Filipescu*, 23-cv-681-jdp, Dkt. 86 at 8 (a doctor's decision to order treatment already provided does not show conscious disregard if decision is based on medical judgment).

Along similar lines, Obregon faults Lavoie based on the Class III Committee's apparent denial of Gruber's recommendation for Lyrica. But, even if Lavoie was responsible for that decision, Lavoie's disagreement with Gruber's recommendation alone doesn't plausibly suggest conscious disregard.

More broadly, Obregon faults the BHS, which Lavoie heads, for requiring Class III Committee approval of a provider's recommendation for a non-formulary medication, in this case Lyrica. But requiring such approval, whether by the Class III Committee or a high-ranking medical official, does not deny a prisoner medical care. *See, e.g., Cooper v. Dombeck*, 23-cv-771-jdp, Dkt. 72 at 3 (noting that the associate medical director approved a doctor's request for a non-formulary medication). Obregon has not explained how giving the Class III Committee or high-ranking medical officials authority to reject lower-ranking providers' recommendations denied him necessary pain medication; he alleges only general disagreement with the policy.

Obregon also alleges that Gruber told him that Lavoie had denied all her requests. But without more information about these requests or how their denial harmed Obregon, I cannot plausibly infer that Lavoie consciously disregarded his need for adequate pain medication.

Obregon faults Lavoie for denying an outside specialist's recommendation for surgery. But a prison doctor doesn't always have to follow the recommendation of a specialist. *See Wilson v. Adams*, 901 F.3d 816, 822 (7th Cir. 2018). Obregon hasn't alleged any facts plausibly suggesting that Lavoie denied the specialist's recommendation for a non-medical reason. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018).

Obregon alleges that he had to wait more than two years to see a prison doctor. This allegation doesn't state a plausible medical care claim because Obregon hasn't identified which SCI official caused this delay or explained how the delay harmed him. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)).

I will not allow Obregon to proceed on his federal medical care claim.

## B.  Medical negligence

Without a federal claim, the court would not have jurisdiction over Obregon's state-law claim on the basis of diversity because he is a Wisconsin citizen and he hasn't alleged any facts suggesting that Lavoie is a citizen of another state. *See* Dkt. 1 at 2.

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I'll follow that practice here and relinquish jurisdiction over Obregon's medical negligence claim without evaluating its merits. Obregon may replead this claim in the amended complaint.

CONCLUSION

I will allow Obregon to amend the complaint to fix the above pleading problems. In drafting his amended complaint, Obregon should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his rights. Obregon must take care to allege what each defendant did, or failed to do, to violate his rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Obregon believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew M. Obregon's complaint, Dkt. 1, is DISMISSED for failure to state a plausible claim for relief.

2. Plaintiff may have until April 29, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

6

5. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

6. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered March 30, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge