IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW M. OBREGON,

Plaintiff,

v.

STEVE R. JOHNSTON,

Defendant.

OPINION and ORDER

25-cv-474-jdp

---

In response to the screening order, plaintiff Andrew M. Obregon alleges in an amended complaint that the medical director at Stanley Correctional Institution, defendant Steve R. Johnston, denied him medical care for painful back and shoulder conditions. Obregon brings an Eighth Amendment medical care claim. Obregon was incarcerated at Stanley Correctional Institution when he brought this case, but he's currently housed at Racine Correctional Institution. Obregon is proceeding without counsel. I will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 8 at 1. I will dismiss the amended complaint for failure to state a plausible claim for relief, and I will impose a strike under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

Obregon has back and shoulder conditions that cause him serious pain. In 2024 and 2025, Johnston denied Obregon pain medication for those conditions. Johnston continues to deny Obregon "proper pain medication." Dkt. 9 at 3. Johnston has delayed and refused to prescribe pain medication "for no reason." *Id.* Johnston "was aware of Obregon's serious

medical condition" and refused treatment after he reviewed his MRIs. *Id.* Nurse Practitioner Gruber ordered pregabalin (Lyrica) three separate times for Obregon's pain.

ANALYSIS

I begin with some general remarks about pleading standards. Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a medical care claim, Obregon must plausibly allege that he had an objectively serious medical condition that Johnston consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Conscious disregard requires that Johnston is subjectively aware of that need. *See id.* That means that Johnston knew of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he actually drew that inference. *Farmer v. Brennan*,

2

511 U.S. 825, 837 (1994). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The Eighth Amendment entitles prisoners to "adequate medical care," that is, "reasonable measures to meet a substantial risk of serious harm." *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). The Eighth Amendment doesn't require "specific care" or "the best care possible." *Id.*; *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Disagreement between Obregon and Johnston, or among medical professionals, about the proper course of treatment isn't enough to show conscious disregard. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Ignoring a prisoner's request for medical assistance outright can be enough to show conscious disregard of medical needs. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (en banc). If a medical professional has provided some care for a prisoner's condition, he consciously disregards the serious medical need only if his care is so inadequate that it demonstrates an absence of professional judgment, that is, that no minimally competent professional would have responded in that way in the circumstances. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998). The key question is whether the medical professional based his treatment decision on his medical judgment. *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021).

It's clear from Obregon's complaint's general context that he faults Johnston for failing to prescribe him his preferred pain medication, Lyrica, despite another provider's recommendation for it. But, as I explained to Obregon in dismissing his original complaint, Johnson's mere "disagreement with Gruber's recommendation for Lyrica does not suggest

conscious disregard." *See* Dkt. 8 at 4; *see also McGowan v. McArdle*, No. 19-cv-978-jdp, 2021 WL 2117165, at *4 (W.D. Wis. May 25, 2021) ("[I]t is well established that medical staff are entitled to deference when choosing an appropriate pain reliever.")

Persisting with a course of treatment that a medical professional knows to be ineffective may show conscious disregard. *See Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020). But Obregon hasn't alleged any facts plausibly suggesting that Johnston consciously failed to explore different treatment options for his pain. Even though he challenges treatment that Johnson provided, or failed to provide, for more than two years, Obregon doesn't allege any details about his medical complaints to Johnston or what actions Johnston took, or failed to take, in response to them.

Nor do Obregon's sparse allegations plausibly suggest that Johnston ignored his complaints outright. Obregon acknowledges that Johnston reviewed his MRIs and "delayed" his receipt of pain medication. While limited, these allegations show that Johnston provided some treatment. But Obregon hasn't alleged any facts plausibly suggesting that Johnston failed to use his medical judgment in making any treatment decision, including the denial of Lyrica.

To sum up, Obregon's sparse allegations suggest no more than "a sheer possibility" that Johnston consciously denied him pain medication, which fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. I will not allow Obregon to proceed on a federal medical care claim against Johnston.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of*

4

*Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Obregon amended the complaint in response to a court order, so he had an opportunity to clarify the factual basis of his claims. Obregon alleges new facts against a new defendant in the amended complaint, but his allegations are even less detailed and continue to fail to state a plausible claim for relief. It appears that further amendment would be futile, so I will dismiss the amended complaint without leave to amend. I will also assess a strike pursuant to § 1915(g).

## ORDER

IT IS ORDERED that:

1. Plaintiff Andrew M. Obregon's amended complaint, Dkt. 9, is DISMISSED with prejudice for failure to state a plausible claim for relief.

2. A strike is to be recorded against Obregon under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered July 21, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge